# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CYNTHIA REISZ WHITE and ALBERT GRAHM WHITE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. |
| | ) JURY TRIAL DEMANDED |
| WIPEOUT LOGISTICS, LLC and UNKNOWN DRIVER, | ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

COMES YOUR PLAINTIFFS, Cynthia Reisz White and Albert Grahm White, who file this complaint for damages against the named Defendants, Wipeout Logistics, LLC and Unknown Driver, and for this cause of action would show:

# NATURE OF THE CASE

1. This is a personal injury and property damage diversity action brought by Plaintiffs, Cynthia White and Albert Grahm White. This matter arises out of a crash which occurred on October 12, 2021 caused by Defendant Unknown Driver's negligent and/or grossly negligent operation of a tractor-trailer, who also committed a hit and run wreck against the Plaintiffs, operated on behalf of Defendant Wipeout Logistics, LLC, at the corner of Charlotte Pike and Brook Hollow Road at the exit of the Costco store parking lot at that same intersection in Nashville, Davidson County, Tennessee.

## PARTIES

2. Plaintiffs, Cynthia Reisz White and Albert Grahm White, were citizens and residents of Cheatham County, Tennessee at the time of the incident giving rise to this lawsuit and are now residents of Beaufort, South Carolina.

3. At all relevant times, Defendant Unknown Driver was an employee acting in the course and scope of his employment for Defendant Wipeout Logistics, LLC ("Wipeout Logistics") and was contractually acting in furtherance of business of, and subject to the control of, Defendant Wipeout Logistics. At all times relevant to this matter, Mr. Unknown Driver was also a lessor of his tractor-trailer to Defendant Wipeout Logistics, and a statutory employee of Defendant Wipeout Logistics via 49 C.F.R. § 390.5.

4. Defendant Wipeout Logistics is a Kentucky Limited Liability Company with a principal place of business at 166 Cooper Dearing Road, Alvation, Kentucky 42122 with USDOT number 2876701. At all relevant times, it engaged in interstate commerce transporting freight as an authorized motor carrier. It was the owner and lessee of the vehicle/ tractor-trailer Defendant Unknown Driver was operating at the time of the crash. Pursuant to 49 C.F.R. §376.12(c), Wipeout Logistics had exclusive and complete responsibility for, and possession, control, and use of that tractor-trailer driven October 12, 2021, by Defendant Unknown Driver.

## VENUE AND JURISDICTION

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, as the amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000) and the parties are citizens of different states.

6. Venue is proper in this district, as the collision occurred in Davidson County caused by Defendant Wipeout Logistics, LLC, at the corner of Charlotte Pike and Brook Hollow Road at the exit of the Costco store parking lot at that same intersection.

**FACTUAL STATEMENT IN SUPPORT OF ALL CAUSES OF ACTION AND CLAIMS**

7. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

8. On or about October 12, 2021, at about 10:10 p.m., Defendant Unknown Driver was operating his/ Wipeout Logistics' tractor-trailer at the corner of Charlotte Pike and Brook Hollow Road at the exit of the Costco store parking lot at that same intersection in the center lane that requires traffic in that lane to drive straight on to Brook Hollow Road.

9. Defendant Unknown Driver was transporting freight for Defendant Wipeout Logistics and is believed to have finished a delivery of food to Costco. Upon information and belief, Wipeout Logistics, LLC delivers meat and/or other food products to the Costco store at that location.

10. At or about the same time and place Plaintiffs were in a 2016 Jeep Patriot, operated by Plaintiff Cynthia White, in the right lane of the exit from the Costco Property planning to turn right onto Charlotte Pike. Plaintiff Albert Grahm White was in the passenger side of the Jeep vehicle.

11. On or about that same time and date, Defendant Unknown Driver without a signal, and/or warning suddenly and negligently turned right from the center lane to travel on to Charlotte Pike.

12. After Defendant Unknown Driver hit the 2016 Jeep Patriot Plaintiff Cynthia White was operating, Unknown driver continued to drive ahead dragging the Plaintiffs' vehicle

trapped underneath the trailer along Charlotte Pike causing a considerable amount of damage to the vehicle. The Defendant driver did not stop, he simply continued to drive the tractor trailer until the Jeep was thrown to the right side of Charlotte Pike. Plaintiff Cynthia White honked her horn trying to get the Unknown Defendant Driver to stop but he simply kept going until the vehicle was tossed to the side.

13. Plaintiff Albert Grahm White also called the office of Wipeout Logistics, LLC at approximately 11:00 p.m. to place them on notice of the crash and their drivers' conduct, but Defendant Wipeout Logistics took no action to investigate the matter and/or take corrective action against the driver despite being placed on direct notice of the incident. Wipeout Logistics also refused to provide the identity of the Defendant Unknown Driver so his actions, a hit and run, could be reported to police.

14. Defendant Unknown driver never stopped the truck. Defendant Driver continued driving on to the I-65 ramp where he fled the scene of the incident with the Plaintiffs' vehicle.

15. Plaintiffs' witnessed the name Wipeout Logistics on the side of the truck and called 911 several times to report both the name of the Company and the license plate of the vehicle which upon information and belief is 59471T. Nashville Metro never responded to any of the 911 calls.

16. The October 12, 2021 collision caused property damage to Plaintiff Cynthia White's vehicle and personal injury to Plaintiff Albert Grahm White which was directly and/or proximately caused by Defendant Unknown Driver's negligence and/or gross negligence and Defendant Wipeout Logistics, LLC's negligence and/or gross negligence.

### FIRST CAUSE OF ACTION: NEGLIGENCE AND/OR GROSS NEGLIGENCE OF DEFENDANT UNKNOWN DRIVER

17. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if

fully set forth herein.

18. Defendant Unknown Driver had a duty to operate his tractor-trailer safely and reasonably under the circumstances.

19. Defendant Unknown Driver had a duty to signal and/or warn of his lane changes and to make the right turn from the correct lane, which he failed to do by turning right from the wrong lane.

20. Defendant Unknown Driver had a duty to operate his tractor-trailer in a reasonable and safe manner which he failed to do by turning right from the wrong lane.

21. Defendant Unknown Driver's driving was not with requisite due care, but was negligent and/or grossly negligent, and in willful and wanton, callous indifference and/or disregard for the safety of the Plaintiffs supporting a claim for punitive and/or exemplary damages.

22. Defendant Unknown Driver's negligent operation of the tractor-trailer was the direct cause and proximate cause of the crash with Plaintiffs' vehicle. Defendant Unknown Driver negligence and/or gross negligence was the direct cause and proximate caused the property damage and personal injuries suffered by the Plaintiffs.

23. Defendant Driver's failure to stop at the scene, leaving the scene of the crash after he caused the crash as a result of his negligent and/or grossly negligent operation of the tractor trailer exhibits willful and wanton, callous indifference and/or disregard for the safety of the Plaintiffs and is conduct that cannot be permitted and/or condoned by civil society and further provides a basis for punitive damages against the Unknown driver.

24. As a result of Defendant Unknown Driver's negligent and/or grossly negligent operation of the tractor-trailer, the Plaintiffs ire entitled to any and all damages allowable pursuant to Tennessee law and/or Federal law.

**SECOND CAUSE OF ACTION: STATUTORY VIOLATIONS OF UNKNOWN DRIVER**

25. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

26. Defendant Unknown Driver violated the following state, federal statutes, and federal regulations constituting negligence *per se*, as set forth below:

    a. Failing to keep a proper lookout for other vehicles per Tenn. Code Ann. § 55-8-136 (b) which states in relevant part:

> every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle ... by operating the motor vehicle at a safe speed, by maintaining a safe lookout, by keeping the motor vehicle under proper control and by devoting full time and attention to operating the motor vehicle, under the circumstances to avoid endangering life, limb or property;

Tenn. Code Ann. § 55-8-136(b)

    b. Failing to exercise due care per Tenn. Code Ann. § 55-8-136(b);

    c. Failing to keep his vehicle under due and reasonable control, all contrary to Tenn. Code Ann. § 55-8-136(b);

    d. Failing to timely alter his direction of travel or take any other appropriate action when he, by the exercise of due and reasonable care, should have appreciated the hazard he created but negligently did not know of and/or did not appreciate per Tenn. Code Ann. § 55-8-136(b);

e. Failing to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision per Tenn. Code Ann. § 55-8-136(b);

f. Recklessly driving, contrary to Tenn. Code Ann. § 55-10-205: Any person who drives any vehicle in willful or wanton disregard for the persons or property commits reckless driving;

g. Failing to maintain his vehicle within a single lane, contrary to Tenn. Code Ann. § 55-8-123 which states in relevant part:

Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety

Tenn. Code Ann. § 55-8-123

h. Failing to signal, contrary to Tenn. Code Ann. § 55-8-143 which states in relevant part:

Signals for turns. - Every driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of his intention to make such movement;

Tenn. Code Ann. § 55-8-143

i. Failing to turn safely, contrary to Tenn. Code Ann. § 55-8-142 (a) which states in relevant part:

No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left

upon a roadway, unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in §§ 55-8-143 and 55-8-144 in the event any other traffic may be affected by this movement

Tenn. Code Ann. § 55-8-142 (a)

j.  Violating the aforesaid traffic laws contravenes Tenn. Code Ann. § 55-8-103, which requires adherence to the aforesaid, and all applicable laws, rules and regulations; and

k.  Driving contrary to restrictions of 49 C.F.R. § 392.3, proscribing a driver from driving while his ability or alertness is impaired by fatigue, illness, or any other cause, and in excess of hours of service restrictions.

27. Defendant Unknown Driver's operation of the tractor-trailer in such a negligent and grossly negligent manner was negligence *per se*, and was the direct and proximate cause of the collision.

28. Defendants Unknown Driver and/or Wipeout Logistics, as a driver and/or motor carrier, respectively, are directly involved in the business of providing and using commercial motor vehicles for hire in interstate commerce.

29. Defendants, at all relevant times, were subject to the National Transportation Policy of the United States of America.

30. Defendants, at all relevant times, were also subject to the Revised Interstate Commerce Act, the Motor Carrier Act of 1980, the Motor Carrier Safety Act of 1984, the Commercial Motor Vehicle Safety Act of 1986, the Federal Motor Carrier Safety Regulations, the laws of the State of Tennessee, and rules and regulations of the Tennessee Department of Safety Motor Carrier Enforcement and the Tennessee Department of Transportation.

31. The National Transportation Policy and the above-stated federal regulations and Tennessee laws were in full force and effect at the time and place of the collision to which both Defendants were subject. The Rules of the Department of Safety Division of Commercial Motor Vehicle Enforcement, 1340-06-01-.08, adopted the Federal Motor Carrier safety regulations and all amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations, Subtitle B, Chapter III, Sub-Chapters A and B, except for 49 C.F.R. §391.11(b)(1) for Intrastate motor carriers and 49 C.F.R. §398.

32. At all relevant times, defendants, as a driver and/or motor carrier, were subject to and operating under the Code of Federal Regulations, Title 49, Transportation, Subtitle A -- Office of the Secretary of Transportation, Chapter III, Federal Motor Carrier Safety Administration, Department of Transportation, §§ 325-399, which were in full force and effect October 12, 2021.

33. As a result of Defendant Unknown Driver's negligent and/or grossly negligent acts constituting negligence *per se*, the Plaintiffs' vehicle was damaged and Plaintiff Albert Grahm White suffered personal injuries.

### THIRD CAUSE OF ACTION: VICARIOUS LIABILITY AND LIABILITY PURSUANT TO *RESPONDENT SUPERIOR* WIPEOUT LOGISTICS, LLC

34. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

35. Defendant at all relevant times, not limited to the time of the crash on October 12, 2021, was acting in the course and scope of his employment for Wipeout Logistics delivering a load to the Costco near the scene of the incident in Davidson County, Tennessee.

36. Unknown Defendant Driver was, at all relevant times, a vehicle lessor, agent, joint venturer, servant, employee, and/or statutory employee of and/or for Defendant Wipeout Logistics and/or was operating his tractor-trailer in the scope of his relation to, subject to the supervision of, and under the control of, Defendant Wipeout Logistics, pursuant to a lease agreement of Defendant Unknown Driver and Defendant Wipeout Logistics.

37. Alternatively, Plaintiff avers that lease agreement provided for Defendant Wipeout Logistics to control the acts of Defendant Unknown Driver, which it negligently failed to do.

38. Defendant Wipeout Logistics is vicariously liable for the negligent and/or grossly negligent acts of Defendant Unknown Driver and is liable for any and all damages resulting from October 12, 2021 crash.

39. Defendant Wipeout Logistics is liable for any and all damages arising from the October 12, 2021 collision via *respondeat superior*, agency, and/or joint venture principles.

40. At all relevant times, Defendant Wipeout Logistics had control of, and was responsible for, the operation the tractor-trailer driven by Defendant Unknown Driver in compliance with federal regulations and all other laws as if it were owned by Defendant Wipeout Logistics.

41. Defendant Wipeout Logistics is liable for Defendant Unknown Driver's actions via 49 C.F.R. § 376.12(c).

42. Defendant Unknown Driver's negligent and/or grossly negligent acts referenced herein constitute negligence and negligence *per se* which directly and/or proximately caused Plaintiffs suffered property damage and personal injuries.

## FOURTH CAUSE OF ACTION: STRICT LIABILITY OF WIPEOUT LOGISTICS, LLC

43. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

44. Defendant Wipeout Logistics was an authorized motor carrier at all relevant times, and is the registered owner of U.S. Department of Transportation number 2876701, and Motor Carrier number MC-965450, both of which were displayed on the subject tractor owned and controlled by Defendant Wipeout Logistics and/or tractor-trailer unit leased from and driven by Defendant Unknown Driver, when involved in the collision at issue.

45. Defendant Wipeout Logistics is, therefore, liable for acts and omissions of its statutory employee, Defendant Unknown Driver and is also liable via "logo liability principles" due to the fact that Wipeout Logistics, LLC's logo was on the truck operated by Defendant Unknown Driver.

46. Regardless of the Defendants' relationship, Defendant Wipeout Logistics is the registered owner of the U.S. Department of Transportation number 2876701, and Motor Carrier number MC-965450 displayed on the tractor and/or tractor-trailer involved in the October 12, 2021 crash and is therefore responsible and/or liable for the acts of the driver of the tractor-trailer, Defendant Unknown Driver.

## FIFTH CAUSE OF ACTION: NEGLIGENCE AND/OR GROSS NEGLIGENCE OF WIPEOUT LOGISTICS, LLC

47. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

48. Defendant Wipeout Logistics had duties, pursuant to 49 C.F.R. § 390.11, to train and educate Defendant Unknown Driver about all applicable laws and regulations, which it failed to do and negligently breached.

49. Defendant Wipeout Logistics had a duty to act reasonably in hiring and retaining Defendant Unknown Driver and to promulgate and enforce rules and regulations to ensure its drivers, including Defendant Unknown Driver, were reasonably safe.

50. Defendant Wipeout Logistics had a duty, via 49 C.F.R. § 390.11, to ensure Defendant Unknown Driver was a safe driver who met duties and prohibitions of all applicable laws and regulations, which it failed to do and negligently breached.

51. Defendant Wipeout Logistics, pursuant to 49 C.F.R. §395(3)(a), had a duty to act reasonably when planning and/or supervising a route within the hours of service requirements for Defendant Unknown Driver to drive October 12, 2021, which it failed to do and negligently breached and/or breached in a grossly negligent fashion.

52. Defendant Wipeout Logistics relied upon no other person or entity to plan and/or supervise a route for Defendant Unknown Driver to drive October 12, 2021.

53. Defendant Wipeout Logistics relied upon no other person or entity to screen, ensure, investigate, and/or review Defendant Unknown Driver's qualifications, driving history, and/or ability to safely drive the tractor-trailer involved in the collision of October 12, 2021.

54. Defendant Wipeout Logistics failed in the aforementioned duties and, therefore, was negligent and grossly negligent. Defendant Wipeout Logistics' negligence was the direct and proximate cause of the October 12, 2021 crash and it is liable for any and all damages resulting from that crash including economic and non-economic compensatory damages and punitive and/or exemplary damages.

## **DAMAGES**

55. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

56. As a result of the Defendants negligence and/or gross negligence, the Plaintiff Mrs. White has been injured and suffered damages. Plaintiff Mrs. Cynthia White's injuries and damages include but are not damage to Plaintiff Cynthia White's vehicle and costs of this action.

57. As a result of the Defendants negligence and/or gross negligence, the Plaintiffs have been injured and suffered damages. Plaintiff Mr. Albert Grahm White's injuries and damages include but are not limited to:

    a. Past, present, and future medical bills and related expenses;

    b. Past, present, and future physical pain and suffering;

    c. Costs of this action;

    d. All other general damages and other relief allowed under the laws of the State of Tennessee to which the Plaintiff may be entitled.

58. Plaintiffs further seek punitive damages against both defendants due to their grossly negligence and reckless conduct that

WHEREFORE, Plaintiff demands a jury trial, and prays for the following relief:

    a. That proper process issue and be served upon all defendants.

    b. For an award of actual, compensatory, and statutory damages against Defendants, as determined by a jury to be fair and reasonable, up to One Hundred Thousand Dollars ($100,000.00);

    c. For an award of punitive damages and/or exemplary damages, as determined by a jury to be fair and reasonable, not to exceed Seven Hundred and Fifty Thousand Dollars ($750,000.00);

    d. For this matter to be tried by a jury;

    e. Any and all such further relief, as this Court deems just and proper.

RESPECTFULLY SUBMITTED THIS **12th** DAY OF **October**, **2022**.

/s/ Edward G. White, III
Edward G. White, III (TN BPR# 029924)
Attorney for Plaintiffs
422 S. Gay Street, Suite 302
Knoxville, Tennessee 37902
(t) (865) 712-0963
(f) (865) 971-6888
trippwhitelaw@gmail.com